LOTTINGER, Judge.
This is a suit for damages, and in the alternative for Workmen’s Compensation filed by Austin B. Wise. The defendants are Superior Testers, Inc., and its insurer, Employers Mutual Liability Insurance Company of Wisconsin, and Superior Casing Crews, Inc., and its insurer, The Travelers Insurance Company. After hearing below, the Lower Court rendered a judgment in favor of petitioner and against defendants, Travelers and Superior Casing Crews, Inc., on the claim in Workmen’s Compensation. Appeals were taken by Travelers and Superior as well as the petitioner.
The record discloses that on June 4, 1966, Austin B. Wise was employed by Superior Casing Crews, Inc. The type of work performed by petitioner included the driving of heavy trucks, handling heavy and dangerous equipment, and generally, severe manual labor. On Saturday, June 4, 1966, Mr. Wise, in accordance with the working arrangement he had made with a fellow employee, was on call for Superior Casing Crews. He received a call from a shop foreman, Mr. Lawrence Matherne, to report to the shop of Superior Testers, Inc., with a heavy truck owned by Casing Crews, and, once there, to help the shop foreman at Testers load two heavy testing units onto the truck. He loaded the units early that afternoon, and later, at approximately 6:30 or 7:00 o’clock P.M., he returned to the Casing Crews shop with the Casing Crews truck to load another unit on *35 the truck. While petitioner was performing this second maneuver with Carl Bill-gren, an employee of Testers, the lifting device on a gin pole truck caused the gin pole to fail on Mr. Wise. Mr. Wise sustained injuries which are the subject of this law suit.
As a result of the accident, petitioner filed this law suit. In it, he claims damages in the sum of $142,000.00 against Superior Testers, Inc., and Employers Mutual Liability Insurance Company, alleging that the accident was caused by the negligence of Testers’ employee, Carl Billgren. In the alternative, petitioner claims permanent and total disability and seeks total Workmen’s Compensation benefits against Employers, Superior, Travelers and Superior Casing Crews, Inc., including medical expenses, penalties, and attorney fees. Employers and Superior Testers filed a cross claim against Superior Casing Crews, Inc., and Travelers for the reimbursement of some $1,884.22, of compensation benefits which had been paid to petitioner, which the Lower Court granted. Appeals were taken by Superior Casing Crews and Travelers as well as petitioner.
With regard to the question of negligence of Carl Billgren, we have only the testimony of petitioner himself. In this regard the petitioner testified that during the loading procedure the poles on the truck were leaning kind of far back and they wanted to raise them in order to get a little more leverage to be able to pick up the unit because it was heavy. He stated that he grabbed one chain to take up a link and Billgren grabbed the other chain and pushed down on it. He claims that Bill-gren pushed too hard causing the gin pole to fall across the back of petitioner.
Although we are not favored by a written opinion of the Lower Court, it is obvious that the Court felt either there was no negligence shown on the part of Bill-gren or there was contributing negligence on the part of petitioner, who was in charge of the loading operation. In order to so hold, the Lower Court had to discount the testimony of petitioner in this regard. As the petitioner was on the witness stand before the Lower Court, we certainly feel that the Judge of that organ was in a much more favorable position to weigh the testimony of petitioner and we certainly are not in a position to hold that the Lower Court obviously erred. The courts of this State have many, many times held that the decision of the Lower Court on the facts will not be disturbed except for obvious error.
With regard to the question of Workmen’s Compensation, the Lower Court held that at the time of the accident the petitioner was working during the scope and course of his employment with Superior Casing Crews. Superior Casing Crews and its insurer, Travelers, claim, on the other hand, that at the time of the accident the petitioner was a borrowed servant of Superior Testing, and that, actually, at such time he was an employee of Testers, and, should any compensation benefits be payable, it should be paid by Testers and its insurer.
At the time of the accident petitioner and Billgren were loading the truck belonging to Superior Casing Crews. The equipment being loaded on the truck was equipment owned by Superior Testers. Petitioner was the driver of the Superior Casing Crews truck, and following the loading, it was his duty to deliver the equipment from Houma to Grand Isle.
The record discloses that Superior Casing Crews had had many claims in Workmen’s Compensation, whereas Superior Testing had relatively few. Although Petitioner testified that on many occasions previously he had loaded a truck under the same circumstances, on all prior occasions he had been paid by Superior Casing Crews and had never been paid by Superior Testers until this one particular instance when the accident occurred. Following the accident petitioner testified, and the record discloses, that he received a paycheck from Superior Testers.
*36 For the earlier loading operation that afternoon, petitioner had been called by his boss, Mr. Lawrence Matherne, to go to Testers’ place of business in order to load the two units. At the later loading, when the accident occurred, petitioner had been called by Billgren and the loading was being done at the Superior Casing Crews’ business establishment.
It was the testimony of petitioner that Superior Casing Crews did this type of work for Superior Testers before and that it was his job to load and unload the equipment and to drive the truck.
The record discloses that these two corporations were very closely connected, Mr. Lee Matherene being the major shareholder in both firms. It was further contended that the payroll record of Superior Testers would show petitioner as an employee and that a W-2 form had been issued him; however, such documents were never introduced into the record.
We feel that at the time of the accident petitioner was doing the work of his employer, Superior Casing Crews, and that he had been called to perform such work by his own boss. Petitioner himself was in charge of the operation, and Superior Testers exercised no control over him. Although petitioner had performed such services many times in the past, this was the only time that he was paid for same by anyone other than his own employer.
It is true that the Workmen’s Compensation insurer of Superior Testers made payments to petitioner for the injuries he sustained. However, these payments were made in response to information given by Stiperior Testers to its insurer claiming that at the time of the accident the petitioner was an employee of Superior Testers.
We find no error in the Lower Court holding that at the time of the accident petitioner was in truth and in fact an employee of Superior Casing Crews and was performing work of his employer and that, consequently, Superior Casing Crews and its compensation insurer are liable in Workmen’s Compensation.
With regard to the personal injuries sustained by petitioner, Dr. Jules Wilford Daigle, his treating physician, testified that petitioner sustained a compression fraction of the second and fourth lumbar vertebrae with compression on the nerve. At the time of the trial he was still under the treatment of Dr. Daigle and Dr. Moss Banneman, an orthopedic surgeon. Dr. Daigle testified that it was physicially impossible for petitioner to do any work of a reasonably strenuous nature without experiencing pain in his back.
In addition to the primary duties of petitioner at the time of the accident, that is, the driving of a truck, he was required to load and unload trucks in which he lifted heavy equipment. The medical testimony is to the effect that at the time of the trial, petitioner was unable to do strenuous work such as the lifting of heavy objects without suffering pain. He is therefore clearly entitled to compensation benefits under the Louisiana Workmen’s Compensation Act.
The record discloses that petitioner was also seen by Dr. Dabezies, an orthopedics specialist. The testimony indicates that Dr. Dabezies in a medical report of November 23, 1966, informed petitioner that he could go back to work with no reservations. Such being the case, the failure of the employer to continue Workmen’s Compensation benefits was certainly not arbitrary or capricious.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this proceeding to be paid by defendant, Travelers Insurance Company.
Judgment affirmed.